UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CHARLES CLARK,<br><br>　　　　　Defendant. | 5:20-cr-50051-KES-1<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE<br>FIRST STEP ACT |

Defendant, Charles Clark, filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 568. Plaintiff, the United States of America, opposes the motion. Docket 575. Clark responded to the government's motion. Docket 578.

## DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.' " *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be

enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curium) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but is "a claim processing rule that may be waived or forfeited by the government").

Here, Clark failed to exhaust his administrative remedies, because the record indicates that he did not make a request for compassionate release to the Warden of FCI Sheridan, where he is held, or any other BOP facility. *See generally* Dockets 569-571. Clark presents no evidence that he exhausted his administrative rights, and the United States explicitly addresses this failure in its response to Clark's motion. *See* Dockets 568, 575, & 578. Because Clark failed to exhaust all administrative remedies and the United States raised this issue, the court must dismiss Clark's motion for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

## CONCLUSION

Clark failed to exhaust his administrative remedies. Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act (Docket 568) is denied without prejudice.

Dated January 29, 2024

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE